UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| WILLIAM O. SMITH, | ) |
| Plaintiff, | ) Civil Action No. 6: 14-084-DCR |
| V. | ) |
| DENNY PEYMAN, Individually and In His Official Capacity as Sheriff of Jackson County, Kentucky, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The facts relevant to this case are set out in the Court's March 18, 2015 Memorandum Opinion and Order. [Record No. 33] In that order, the Court denied Peyman's Motion for Summary Judgment [Record No. 30] on all of Plaintiff William Smith's claims except those against Peyman in his official capacity as Jackson County Sheriff. [Record no. 33] Dissatisfied with that decision, the defendant now asks the Court to reconsider in light of what he considers to be clear errors of law and a need to prevent manifest injustice. [Record No. 37][1]

Motions for reconsideration are evaluated under the same standard as motions to alter or amend a judgment under Rule 59(e). *Howard v. Magoffin Co. Bd. of Educ.*, 830 F. Supp. 2d 308, 319 (E.D. Ky. 2012) (citing *Keith v. Bobby*, 618 F.3d 594, 597-98 (6th Cir. 2010)).

---

[1] The Court will not consider arguments that it has already addressed or that could have been made previously. Peyman has had ample opportunity to present arguments in his motion for summary judgment [Record No. 30] and reply in support [Record No. 32]. The only issues before this Court are whether a clear error of law occurred or a manifest injustice will result. Any arguments falling outside these boundaries are improper and will not be considered.

To succeed, a party must demonstrate: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). However, Rule 59 may not be used to reargue a case on the merits. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Instead, a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." *Id.*

As an initial matter, the defendant erroneously argues that the Court clearly erred by relying on "unsupported argument and allegations" in determining that a genuine issue of material fact exists precluding summary judgment. [Record No. 37, p. 5] According to the defendant, the Court failed to apply the correct standard for summary judgment and allowed the plaintiff to rest on his pleadings instead of evidence. [*Id.*] In effect, Peyman simply reasserts his previously-rejected arguments that the plaintiff produced insufficient evidence to establish a lack of probable cause. Similarly, he restates his argument that the plaintiff has not produced sufficient evidence that Smith engaged in a "protected activity" to support a First Amendment retaliation claim. [*Id.*, p. 8]

Contrary to these assertions, the Court applied the appropriate summary judgment, qualified immunity, and probable cause standards in reaching its determination. These standards are set forth at pages 3-4 and 6-8 of the Court's Memorandum Opinion and Order. [Record No. 33] The Court's conclusions under these standards are supported by evidence in the record, not mere argument and allegations. In denying the motion for summary judgment, the Court relied in part on evidence the defendant himself submitted, including portions of Smith's deposition testimony. In his deposition, Smith testified regarding the

Fiscal County Court meetings, the re-appropriation of property disputed between the parties, and the events culminating in his arrest. [Record No. 19, pp. 18-21, 35, 116-118] In addition, Smith testified that he wrote a letter concerning the operational practices of the Sheriff's Office, critical of Peyman's politics and activities. [*Id.*, pp. 65-66] For the reasons set forth in the March 18 order, this testimony is sufficient to create a jury question regarding the existence of probable cause and identifies the requisite constitutionally-protected speech for Smith's First Amendment retaliation claim. *See Harris v. J.B. Robinson Jewelers*, 627 F.3d 235 (6th Cir. 2010); *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 904 (6th Cir. 2006) ("Plaintiff's testimony creates sufficient evidence to create a genuine issue of material facts."); *see also Niemi v. NHK Spring Co.*, 543 F.3d 294, 300 (6th Cir. 2008) ("[Plaintiff's] affidavit, albeit arguably self-serving, is not 'no evidence'" at summary judgment stage.) Smith's deposition was not wholly conclusory, but included assertions of personal knowledge, and created issues of fact. Moreover, Smith's testimony was bolstered by the deposition testimony of Jackson County Treasurer Beth Sallee and the Jackson County Fiscal Court minutes and agendas. [Record Nos. 27, 27-17, 27-18, 27-19, 27-20] The defendant's mere disagreement with the factual content of the evidence produced by the plaintiff will not preclude the case from advancing to trial. When viewed in the light most favorable to Smith, this evidence is sufficient to survive summary judgment.

     Peyman correctly argues that in cases "[where] the requisite material facts are not in dispute [...] probable cause retains its legal character and must be decided by the court." [Record No. 37, p. 6] *See Newman v. Township of Hamburg*, 773 F.3d 769, 772 (6th Cir. 2014). However, this argument fails to address that the material facts in the case at hand *are* in dispute, and disputes of fact are properly decided by a jury. [Record No. 33, p. 16] As the

Court noted previously, summary judgment is inappropriate in this instance because a determination of probable cause depends on which set of facts the jury believes. [*Id.*]

Peyman also attempts to argue for the first time that an affirmative defense to prosecution – in this case, claim of right – may not be used to oppose the establishment of probable cause. [Record No. 37, p. 7] However, this argument does not address the legal conclusions in the Court's Memorandum Opinion and Order, but instead seeks to raise new legal arguments that could have been raised in the summary judgment briefings. As such, it is not properly before the Court. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007).

The remainder of the defendant's motion takes issue with minor aspects of the Court's Memorandum Opinion and Order. Although Peyman is dissatisfied with the characterization of assets taken from a storage facility and argues that he sought legal advice before arresting Judge Executive Smith [Record no. 37, pp. 3-4], these issues are not material to the ultimate determination regarding whether summary judgment is proper, do not suggest a clear error of law, and do not warrant reconsideration.

Finally, to prove that a manifest injustice will occur, a plaintiff must show that there is a fundamental flaw in the court's decision and, without correction, that flaw would lead to a result that is both inequitable and not in line with the applicable policy. *Casey Wasserman Living Trust under Declaration of Trust Dates June 29, 1999 v. Bowers*, 2011 U.S. Dist. LEXIS 14165, at *7-8 (E.D. Ky. Feb. 11, 2011). Beyond the bald assertion of "the obligations of a police officer in determining probable cause without the benefit of hindsight," the defendant fails to explain how manifest injustice must necessarily result from the Court's prior decision. [Record No. 37, p. 2] In short, Peyman has shown neither a

fundamental flaw in the Court's prior decision nor any resulting inequity. Where a party has inadequately raised, briefed, or supported an issue when he initially sought summary judgment, a motion for reconsideration is not an avenue to make up for the deficiency. The defendant has failed to demonstrate a need to correct a clear error of law to prevent a manifest injustice. Accordingly, it is hereby

**ORDERED** that Defendant Peyman's Motion for Reconsideration [Record No. 37] is **DENIED**.

This 1st day of April, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge